[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
By motion dated August 3, 1995, the defendant, Gail Chandler, (hereinafter "Chandler") seeks dismissal of the criminal charges brought against him in the captioned case. Chandler claims immunity protection pursuant to § 17a-101(h) of the Connecticut General Statutes. For the reasons set forth below, the motion to dismiss is denied.
The following facts are alleged in the arrest warrant affidavit. During 1994 and 1995, Chandler was a psychologist who maintained a private family practice. One of his therapy clients' was the mother of a 10 year old girl. During a therapy session in early October 1994, the mother told Chandler that she had seen her husband have inappropriate sexual contact with her 10 year old daughter. Thereafter, Chandler spoke to the mother's husband who admitted putting his hands down the pants of his 10 year old step-daughter in the crotch area. On October 10, 1994, the 10 year old victim told Chandler that she had been touched by her step-father. Chandler made no immediate report to the authorities concerning the sexual abuse of the 10 year old girl.
The affidavit further asserts that on March 2, 1995, the victim's mother informed Chandler that she had reason to believe that her husband was continuing to sexually molest her daughter. The victim had told her mother that the step-father had sexually assaulted her five or six times per week since she was seven CT Page 960 years old. The step-father admitted sexually molesting his step-daughter to Chandler. Chandler reported the sexual abuse to the Department of Children and Families on March 2, 1995. A police investigation into the matter resulted in the arrest of the step-father for sexual assault and related charges. Chandler was also arrested for failing to comply with the reporting requirements of § 17a-101(b) of the Connecticut General Statutes and Risk of Injury to a Minor in violation of § 53-21 of the Connecticut General Statutes.
As relevant to this case, § 17a-101(b) requires "any psychologist . . . who has reasonable cause to suspect or believe that any child under the age of eighteen . . . is in a condition which is the result of . . . sexual abuse, sexual exploitation . . . shall report or cause a report to be made in accordance with the provisions of subsection (c) of this section." Section 17a-101(c) states that "[a]n oral report shall be made immediately by telephone or otherwise, to the state commissioner of children and families or his representative, or the local police department or, the state police to be followed within seventy-two hours by a written report to the commissioner of children and families or his representative."
It is the state's claim that Chandler violated § 17a-101 when he failed to immediately report the sexual abuse of the 10-year old girl when he allegedly learned of it in October 1994.
Chandler, on the other hand, relies upon the immunity provisions of § 17a-101(h). As relevant here, this statute provides that "[a]ny person, institution or agency which, in good faith, makes the report required by this section shall be immune from any liability, civil or criminal, which might otherwise be incurred or imposed and shall have the same immunity with respect to any judicial proceeding which results from such report." Chandler claims that, notwithstanding the delay, he did ultimately report the abuse and therefore is entitled to immunity from criminal liability. On this basis, he has moved to dismiss the charges against him.
Resolution of the motion turns on the applicability of the immunity provision of § 17a-101(h) to the facts of this case. Chandler correctly argues that, when construing a statute, courts should first look to the plain meaning of the language used.Rhodes v. Hartford, 201 Conn. 89, 93 (1986). Only if the language is deemed ambiguous should the statutory purpose and CT Page 961 legislative history be considered. State v. Koslowski,199 Conn. 667, 673 (1986); Arway v. Bloom, 29 Conn. App. 469, 473
(1992). In addition, as Chandler correctly asserts, penal statutes are to be strictly construed in favor of the accused. State v. Russell,218 Conn. 273, 278 (1991).
Mindful of the above principles of statutory construction, the court nevertheless finds that the immunity provisions of § 17a-101(h) do not apply to Chandler. The statute only immunizes a person who "makes the report required by this section." The language "the report required by this section" appears to unambiguously refer to the immediate oral report mandated by § 17a-101(c). Chandler's claim that a report made months after the fact is still protected by immunity is, at best, based on a possible ambiguity in the statutory language. Accordingly, application of the rules of statutory construction is appropriate to resolve this possible ambiguity.
The court's purpose in construing a statute is to ascertain and give effect to the apparent intent of the legislature. Hayesv. Smith, 194 Conn. 52, 57 (1984); State v. Delafose,185 Conn. 517, 521 (1981). Any statute must be read with a common sense approach so as to accomplish a reasonable result and serve its purpose. State v. Ralston, 7 Conn. App. 660, 682 (1986) [(1986)]. In determining the meaning of statutory language, the statute is to be read as a whole. State v. Williams, 206 Conn. 203, 210
(1988).
Applying these principles, it is evident that § 17a-101 is a detailed statute designed to further the stated public policy of protecting children from injury and neglect and for these purposes to require the reporting of suspected child abuse. See § 17a-101(a). To further this policy, certain professional persons are required to make an immediate oral report of suspected child sexual abuse to the state department of children and families or the police. See § 17a-101(b) and (c). Such persons are immunized from civil or criminal liability that might otherwise be incurred as a result of the report. The statute clearly mandates both an immediate report of abuse and a quick response in order to protect the child involved.
Chandler's claim of immunity based on his report made months after the suspected abuse came to his attention, is inconsistent with the clear purpose of the statute. When the statute is read as a whole, and with a common sense approach, the immunity CT Page 962 provisions of the statute cannot fairly be construed so as to apply to Chandler.
Accordingly, the motion to dismiss is denied.
Robert J. Devlin, Jr., Judge